**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Orla Kenneth Lucas, | ) | No. CV09-2599-PHX-NVW |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Arizona Supreme Court Fiduciary Certification Program aka Fiduciary Licensing Program,; Arizona Supreme Court, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court is Defendant Arizona Supreme Court's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (doc. # 10). On a motion to dismiss, all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal cannot be avoided by mere conclusory allegations of law and unwarranted inferences. *Id.*

**I.     Facts Assumed to Be True**

Plaintiff Orla Kenneth Lucas is an Arizona resident. He has been subjected to the probate laws of the State of Arizona and specifically subjected to the imposition of a public fiduciary, Southwest Fiduciary, Inc., and its principals, Greg Dovico and Peggy Dovico. The Complaint identifies the Defendants as "Arizona Supreme Court Fiduciary Certification Program aka Fiduciary Licensing Program and the Arizona Supreme Court."

It alleges, "Defendants are agencies of the State of Arizona or are otherwise political subdivisions of the State of Arizona, or are, in fact, the State of Arizona."

Pursuant to Arizona statute, the Arizona Supreme Court created a fiduciary licensure program and promulgated rules and procedures regarding the licensure of public fiduciaries. It has been reported to the Arizona Supreme Court and the fiduciary licensure program that Southwest Fiduciary, Inc., and its principals have breached the rules and regulations applicable to public fiduciaries. Plaintiff has requested on numerous occasions that Southwest Fiduciary, Inc., and its principals be sanctioned and removed from the list of approved or certified public fiduciaries. Plaintiff and others have provided information to the Arizona Supreme Court and the fiduciary licensure program that Southwest Fiduciary, Inc., and its principals have:

> . . . maintained a wrongful practice of defrauding individuals that have been placed in their care and custody; that they have set upon a course of conduct designed to fleece the elderly without any regard for their well being; that they have routinely drained the accounts of the individuals that have been placed in their care.

Despite numerous complaints, the Arizona Supreme Court and the fiduciary licensure program have refused to remove public fiduciary licensure from Southwest Fiduciary, Inc., and its principals.

**II.  Analysis**

Defendant Arizona Supreme Court moves for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Complaint tries or hopes to allege a conclusory claim under the Fifth Amendment of the United States Constitution. The Court need not say whether that bare label raises a substantial federal question in the technical sense so as to give federal subject matter jurisdiction, for the thrust of the Motion to Dismiss is that the action, whether grounded in state or federal law, is barred by the Eleventh Amendment. That thrust strikes home.

The Eleventh Amendment bars suit against a state unless Congress has abrogated state sovereign immunity or the state has waived it. *Holley v. California Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010). A.R.S. § 14-5651(A) requires the

Arizona Supreme Court to administer a fiduciary licensure program, adopt rules, and establish and collect fees necessary for its implementation. The public fiduciary licensure program is not a jural entity; it is an activity of the Arizona Supreme Court imposed by statute and regulatory in nature. Defendant Arizona Supreme Court is more than just a state agency; it is the center of one of the three constitutional branches of state government. Ariz. Const. Art. III, VI. It has "administrative supervision over all the courts of the State." Ariz. Const. Art. VI § 3. For Eleventh Amendment purposes, it is an arm of the State of Arizona. The principle that local governmental entities lack Eleventh Amendment immunity has no play here.

To the extent the Complaint seeks to compel the Arizona Supreme Court to comply with state law, it is plainly barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). While Congress may abrogate Eleventh Amendment immunity pursuant to its power to enforce the Fourteenth Amendment under section 5 thereof, Plaintiff does not even argue that any federal statute has abrogated the Arizona Supreme Court's immunity in this case. Plaintiff's general assertion, without authority, that the Fourteenth Amendment itself abrogates Eleventh Amendment immunity for Fifth Amendment due process claims is groundless. Nor is there any suggestion that the State has waived its immunity.

Therefore, the Eleventh Amendment bars Plaintiff from suing the Arizona Supreme Court in federal court, and the Complaint will be dismissed.

## III.  Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiff's Complaint is replete with other deficiencies. It fails to state any state or federal claim upon which relief can be granted even apart from the Eleventh Amendment bar to federal court jurisdiction. The Complaint may fall short of a substantial question of federal law needed for federal subject matter jurisdiction under 28 U.S.C. § 1331, though perhaps that

could be improved upon. No subject matter jurisdiction is possible under 28 U.S.C. § 1332, with neither diversity nor citizenship, as the Arizona Supreme Court is not a citizen of a state. Even supplemental jurisdiction of state law claims under 28 U.S.C. § 1367 is barred by *Pennhurst*. If amendment could stiffen the federal question basis of the suit and even bring into play some valid substantive principle of federal law, amendment would remain futile because the Eleventh Amendment still would bar this federal court from hearing the case. Therefore, leave to amend will be denied.

IT IS THEREFORE ORDERED that Defendant Arizona Supreme Court's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (doc. # 10) is granted for the reason that this action is barred by the Eleventh Amendment.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action under the Eleventh Amendment. The Clerk shall terminate this action.

Dated: June 22, 2010.

_____
Neil V. Wake
United States District Judge